May it please the Court, I am David Bennion, arguing in favor of a motion to remove the recalendar proceedings made by the government, reissue or reinstated a previously reopened final order without reviewing facts or the law 8 years after the record had been closed and without conducting any new legal analysis, without notifying the parties of its intent to remove the case from the active docket, which was the opposite of the purpose of recalendaring at the outset. But what's the plain language meaning of the word recalendar? Does it mean place it back on the calendar? Correct, Your Honor. So why would you think that it meant anything but place it back on the calendar in the same posture in which it was when you took it off the calendar? So recalendaring in the immigration context, and what the parties agreed to and expected was that the case would be placed back on the active docket for active consideration. And what do you base that on? There's no case law that says that. There was no provision in the stipulation that this would be sent back to the immigration judge where new evidence could be taken or anything of that sort. Recalendaring means put it back on the same calendar you took it from. So not necessarily back to the immigration judge, but at least back to the board for active review. What the board actually did was there was no daylight between bringing the case back on the active docket and making a final adjudication of the case. Yeah, because the board had no additional facts given to it. You could have asked the board to remand to the immigration judge so you could present new facts. But no one ever asked the board to do that. And Mr. Arevalo expected that he would have that opportunity when the case was brought back. Well, why didn't he ask for it? Well, in order to ask for it, the case has to be recalendared. It was recalendared. It was recalendared before the board. And even when you moved to reconsider, you didn't ask the board to remand. So there's a distinction between a motion to reconsider and a motion to reopen, and it's the latter where new facts and evidence are presented. The motion to reopen wasn't necessary at the point while the matter was still administratively closed because it was not administratively final then. There was no possibility for filing a motion to reopen in order to present the evidence. I didn't say a motion to reopen. I said a motion. The case was recalendared before the BIA, all right, in the same posture in which it was. That's what you're objecting to, all right? Your Honor, I'm objecting to the fact that the board, in addition to recalendering the case, went further and instantaneously adjudicated the case without reviewing a very old and stale record at that point. But the board could, if there were new facts to augment the record, someone had to ask the board to get that back to the IJ to review those new facts. The fact-finding isn't done by the board ab initio. It's done by the immigration court. Exactly, Your Honor. And no one ever asked the board to do that. And had the case probably been placed back on the active docket, the petitioner certainly would have done that immediately. What do you mean, had it been placed on the active docket? All it took was filing a motion with the board. You filed a motion to reconsider, but the motion to reconsider was merely to reconsider the meaning of the word recalendar. Correct, Your Honor. Again, in administratively closed proceedings, a motion to remand cannot be filed as a stand-alone. It can only be filed along with a motion to recalendar, and the case must first be recalendared before it can be remanded. And Mr. Redwell had no such opportunity, because the least the board could have done is notify the parties that their expectations in agreeing to administratively close might not be honored in the sense that it would just reissue and reinstate its previously issued order. So had Mr. Redwell known that that's what the court was going to do, yes, he would have filed a motion to remand, even though the board itself could not have reviewed that motion to remand until it recalendared the case. So doesn't recalendar simply put the case back to where it was at the time it was administratively closed? It doesn't really change anything. It puts it back to where it was. Yes, Your Honor. But where it was was that there was a very stale record eight years old since it had been closed. So you file a motion at that point with new evidence or whatever, but once it's recalendared, couldn't you have then filed a motion to raise these issues that you now think should have somehow been raised in a different manner? A motion to reopen, perhaps, but not a motion to remand, because the time for filing a motion to remand while the proceedings were active was foreclosed when the court reinstated its prior order. But you could have moved to reopen then with your new evidence. Could have, Your Honor, but the government, as they noted in their response brief, that's a much higher burden to carry than simply filing a motion to remand in what are already open proceedings. Because at the point of remand from this court, the proceedings had been reopened. They were no longer administratively closed. I'm sorry, they were no longer administratively final. That was a necessary precondition for actually administratively closing the proceedings below. So it's not the fact that it was impossible for the petitioner to file a motion to remand. It's the timing of the events that took place. He did not have an opportunity to do that given that the board short-circuited the process well outside of the expectations of the parties in administrative closure. But as I talk practically, as I understand, you had already lost at the board. They had entered final decision against you, against your client, and that was being appealed. Correct, back in 2010. Exactly. And at that point, the parties reached some agreement that let's put things on hold. After it had come up to this court and then, yes. Okay. And so the idea was to hold. And so I think of that like pushing the pause button on a TV remote. We're going to put everything on hold and see what happens. Now, when that agreement was made, you completely finished all proceedings at the board. You'd lost, but you still had a right, preserved right, to challenge the board decision. So you wanted to hold on to that, and you did. There's no indication that the government wanted to give up anything it had in pausing. And suppose the order had been the administrative hold. The parties then saw it three days later. Okay, that's a long enough hold. Now we're going back. I would think what would happen was the pause button would be unpressed, the board would reinstitute its order, and you would go forward with your repeal. What's happened here that seems different potentially is that instead of three days, you have five years, which opens up the possibility that new facts have now arisen that might entitle you to some relief. You would think you would therefore take those new facts back to the board. The pause button would be unpressed. You would have lost at the board, but your appeal would still be ripe. None of your other deadlines would have run on you. You could file a motion to reconsider in which you tell the board what the new facts are, or you could file a motion to reopen. And what puzzles me about this case is you did file a motion to reconsider, but you don't say anything in that motion about what's changed in the five years. And as I understand it, you're not pressing the motion to reopen based on the change. And even in your brief to us, unless I missed something, you're not telling us what is it that changed in the five years. So, Your Honor, with a motion to reconsider, it's not possible to present new evidence and facts. Well, the board said actually they would have paid attention. If you had said you're not presenting new evidence, you're presenting arguments about why the five-year delay, they should treat this differently than the three-day delay. And you offered no argument or evidence to show that the five years was relevant as compared to three days. Your Honor, given that the board itself went further than DHS asked it to, in not simply recalibrating but reinstating its prior order, the board had already demonstrated hostility towards my client acting in a prosecutorial way. Well, no, they were just putting you back to get back where you were when the pause was in the First Circuit. Recalibrating means reinstating the prior order. So they were letting you come back to the First Circuit. To do that, they had to put their order back in place, just like it had been before you guys had reached the agreement. So you could go off to the First Circuit, which you would have done had it been only three days. But it's five years, and you want to suggest that makes a difference. But you point to no facts saying why it makes a difference. So, first of all, Your Honor, recently, Mr. Arevalo has filed a motion to remand based on his now-pending application for T non-immigrant status. A whole separate issue. Under trafficking. But that motion will be acted on regardless of what happens in this proceeding. Correct, Your Honor. As a practical matter, this court would now be ruling on a very old record that's, as of this year, 10 years old, as of 2018 was 8 years old. And so, certainly, Mr. Arevalo would have liked to have introduced new facts and evidence. But, again, the board forestalled that and instead put Mr. Arevalo in a position of having to fight against a much more stringent standard for reopening a case versus simply remanding back to the judge for review of new facts and evidence. Thank you. Thank you. Thank you. May it please the court, Lindsay Corliss, the respondent. This court should deny both petitions for review. An issue in this case is what the board is required to do when it reinstates an appeal after a period of administrative closure. Now, petitioner states that the board was required to allow him to present new evidence and new legal arguments. Now, there's nothing in the statute or regulations that supports that idea. In fact, at the end of a period of administrative closure, the board's duty is to place the litigants back in the same position that they had been in prior to the period of administrative closure. And in this case... What's your authority for that, other than practice and the meaning of the word? There's nothing in the regulations or the statute. Gary, in this case, in this court, talks about this process. But you're correct that there's nothing in the regulations or statute. Okay. You could have done what he requests if you wanted to. Yes, it would have been in the board's discretion to do so. And I will say, so let's then look at what would have happened had the board said, say, we are going to reinstate this. The parties have 30 days to submit any sort of response. If petitioner had, at that point, filed a motion to remand, he would have been in the same position as filing a motion to reopen if he had done it after the order. Because a motion to remand is judged by the same standard as a motion to reopen. So there's no difference in the standard. And that has been reiterated most recently by this court in Ferrer v. Barr. A motion to remand also needs to present new evidence of changed country conditions or some other reason for reopening. And it's in your ability to say yes or no. It would have been in the board's ability to say yes or no, yes. So I think what he's arguing is that he should have an absolute right to reopen and put in new evidence. And you're saying that that's really not the case. It is not the case. Because he did already have a full and fair hearing. He, with the help of counsel, appealed the immigration judge's position to the board, and he submitted a brief in support of that appeal. As far as raising new legal arguments, Petitioner could have raised new legal arguments in the motion to reconsider. The only one that he raised was the issue of whether or not jurisdiction had attached to an immigration court. And that is an issue that has been precluded by this court's precedent in Goncalves v. Pontes. But he didn't present any other meritorious arguments in this motion to reconsider. I also note that legal issues in this court would be reviewed de novo, so he could have raised some legal issues. And had there been a legal error in the prior decision, he could have raised it to this court. And as I stated, he could have also filed the motion to reopen, which would have been timely. When the board reissued its decision that had previously been issued in 2010, it became the decision in 2018, and it started the clock again for him to file a motion to reopen if he had any new evidence there. And Petitioner also hasn't stated what evidence he would have been presenting, so it's unclear what possible prejudice there could have been, even if he weren't able to file a motion to reopen. So, in conclusion, 8 CFR Section 1003.3 is what states the briefing requirements before the board. Both parties are allowed to file one brief. If either party wants to file a reply brief, then it needs to ask for leave to do so from the board. That is the only statement on the briefing requirements in appeals from the board. And when we're talking about remand from the federal courts, the board's practice rules at 4.2e states that the board determines whether or not briefing is necessary. So we see no statutory, regulatory, or even practical directive to the board to allow supplemental briefing following a period of administrative closure. And unless the court has any more questions for me, then I will listen or brief. On the issue of service of the motion to recalendar, do I understand that the initial formal service wasn't made, but that the petitioner's counsel, in fact, filed something with the BIA before it reopened? Yes. It seems that DHS served petitioner at a prior address rather than at the address that he had tried to correct it to. When he updated that address with the board, the board then mailed to him the prior motion to reinstate that DHS had filed. So the board put his counsel on notice. Counsel did not respond. And it was more than 30 days later that the board ultimately reinstated the appeal and issued its prior decision. Thank you. Thank you very much. Thank you, Your Honor. I just want to make sure I note for the record that there was an inaccuracy in the respondent's response brief that my client had been arrested for DUI. There's no indication anywhere in the record of that. And, in fact, he was not arrested for DUI. So we encourage the government to withdraw that assertion as it was inaccurate. Technically, on reply, you're supposed to rebut what was said. We give some leeway, but let's not have a whole list of brand-new points, okay? Yes, Your Honor. I apologize. What the government and the board are saying should have happened is that in a response or in opposition to the government's motion to recalendar, that Mr. Arevalo should have opposed that and in so doing submitted new evidence or legal arguments. But that would have been self-defeating. In opposing the motion to recalendar, if successful, the matter would have remained administratively closed and Mr. Arevalo would have had no forum in which to introduce new facts or arguments. And so he prudently waited for that moment to be able to introduce that information and evidence and so saying, oh, you had that chance when you didn't respond to the motion to recalendar, it's nonsensical in a way because he would have foreclosed himself from doing that. What do you say to the argument that, as a practical matter, the standard that your client would have faced in trying to prevail on a motion to remand is no different than the standard your client would have faced on a motion to reopen? And, Your Honor, I apologize. I had not briefed that particular issue, so I'm not familiar with the standard on a motion to remand. But essentially at that point... Because the whole premise of your argument is that when you got the notice saying there was a recalendaring, that you reasonably thought they would just start up the calendar but not reinstitute yet the order and then you could have asked them to remand it to the IJ. Either ask to remand or brief the case and point it out as we did. But when you make that argument, the premise there is that you were prejudiced by not being asked, being able to ask to remand. Remand or to brief the argument. As the government mentioned in their oral argument, one option which would have been more reasonable within the expectations of the parties in agreeing to administrative closure would have been to give notice. Give notice to the parties. We want something from you. This is an oral record. It's not ready to go up again to the First Circuit. We want to hear either legal arguments, new facts, and then we'll decide what to do. That's in line with the expectations relating to administrative closure. And this was more like a state of removal that was then enforced. Thank you. Thank you, Your Honor.